IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| GLYTEC LLC, | ) | No. 6:25-cv-03211-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| PRISMA HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion for Reconsideration or alternatively Renewed Motion to Strike Jury Demand.  ECF No. 62.  Plaintiff filed a Response in Opposition, and Defendant filed a Reply.  ECF Nos. 65, 67.  For the reasons set forth below, Defendant's Motion is granted.

## I.  BACKGROUND

On July 12, 2024, Plaintiff filed this action in the Court of Common Pleas for Greenville County, South Carolina as Civil Case No. 2024-CP-23-04312.  ECF No. 1 at 1.  Based on Defendant's alleged conduct, Plaintiff brought several causes of action, including claims for breach of contract; breach of contract accompanied by a fraudulent act; violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10, et. seq.; and unjust enrichment.  ECF No. 1-1 at 11–16.  On April 15, 2025, Plaintiff amended its complaint to add claims for misappropriation of trade secrets under both the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., and the South Carolina Trade Secrets Act, S.C. Code Ann. § 39-8-10, et seq.  ECF Nos. 1 at 2;

1-1 at 46–76.  On April 16, 2025, Defendant filed a Notice of Removal to this Court.  *See* ECF No. 1.

On April 30, 2025, Defendant filed a Motion to Strike Jury Demand.  ECF No. 19. In its Motion, Defendant relied exclusively on a jury-waiver provision present in its contract with Plaintiff, which provided in relevant part: "Each party irrevocably and unconditionally waives any right it may have to a trial by jury in respect of any legal action arising out of or relating to this agreement or the transactions contemplated hereby."  ECF Nos. 19-1 at 1, 4–8; 19-2 at 5.  Defendant raised no other basis for striking Plaintiff's jury demand. *See* ECF Nos. 19, 19-1, 38.  Defendant argued that all of Plaintiff's claims, including its unjust enrichment claim, were covered by the jury-waiver provision of the Parties' contract, and for this reason Plaintiff's jury request as to all claims should be struck.  *See* ECF No. 19-1 at 6 ("Glytec's claims for breach of contract, breach of contract accompanied by a fraudulent act, violation of the SCUTPA, and unjust enrichment all 'arise out of' or are 'related to' the Agreement, as those causes of action are connected with, originate from, and are based upon the parties' obligations under the Agreement."). On March 31, 2026, the Court granted in part and denied in part Defendant's Motion. ECF No. 61 at 34–41.  Specifically, the Court denied the Motion as to Plaintiff's unjust enrichment claim because this claim did not arise out of the Parties' contract and accordingly was not covered by the jury-waiver provision therein.  *Id.* at 40.  The Court granted the Motion as to all of Plaintiff's other claims.  *Id.* at 40–41.

On April 14, 2026, Defendant filed its Motion for Reconsideration or, in the alternative, Renewed Motion to Strike, raising for the first time that Plaintiff is not entitled to a jury trial on its unjust enrichment claim because a claim for unjust enrichment is

2

equitable and therefore Plaintiff has no right to a jury trial on this claim under South Carolina law or federal law.  *See* ECF No. 62.  Plaintiff filed a Response in Opposition, and Defendant filed a Reply.  ECF Nos. 65, 67.  The Motion is now ripe for review.

## II. DISCUSSION

Defendant contends that Plaintiff is not entitled to a jury trial on its unjust enrichment claim because this claim is equitable in nature.  *See* ECF No. 62.  Because there is no jury right to equitable claims, Defendant requests that the Court reconsider its prior ruling denying its Motion to Strike Plaintiff's jury demand on the basis that Plaintiff's claim for unjust enrichment was not covered by the jury waiver in the Parties' contract. *Id.* at 1, 4.  In the alternative, Defendant renews its Motion to Strike on this basis.  *See id.*

In response, Plaintiff argues that Defendant improperly raises new arguments for the first time on reconsideration and that there is no basis to justify reconsideration of the Court's prior Order.  ECF No. 65 at 1, 2–3.  Plaintiff further asserts that its claim for unjust enrichment is legal rather than equitable in nature and, therefore, it is entitled to a jury trial on this claim.  *Id.* at 3–7.

In reply, Defendant argues that the relief it seeks may be properly considered by the Court under either Rule 54(b), which affords the Court broader flexibility in considering the appropriateness of reconsideration than Rules 59 or 60, or as a renewed motion to strike.  ECF No. 67 at 2–4.  As to whether Plaintiff's unjust enrichment claim is legal in nature, Defendant contends that Plaintiff is judicially estopped from making this argument as Plaintiff has previously asserted that its unjust enrichment claim was equitable in Court filings and the Court relied in part on this argument in ruling in Plaintiff's favor.  *Id.* at 1–2 (citing ECF Nos. 31 at 17; 61 at 31, 33).  Defendant further asserts that Plaintiff's claim is

3

equitable in nature as Plaintiff's claim is not narrowly tailored to legal remedies and that if Plaintiff's claims were found to be legal in nature, they would arise out of the Parties' contract and be subject to the jury trial waiver therein. *Id.* at 4–12.

## A.  Propriety of Defendant's Motion

As an initial matter, the Court finds that the relief requested by Defendant may be properly raised by either a motion pursuant to Rule 54(b) or as a renewed motion to strike. Rule 54(b) provides an avenue for reconsideration for the same reasons as Rules 59 or 60, including to correct clear legal error or manifest injustice. *Sanders v. Lowe's Home Ctrs, LLC*, C.A. No. 0:15-cv-02313-JMC, 2016 WL 5920840, at *2 (D.S.C. Oct. 11, 2016); *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017) ("Therefore, reconsideration under Rule 54(b) is appropriate on the following grounds: (1) to account for an intervening change in controlling law; (2) to account for newly discovered evidence; or (3) to correct a clear error of law or prevent manifest injustice."). Further, the Fourth Circuit has explained that Rule 54(b) affords broader bases for reconsideration than Rules 59 or 60. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) (explaining that reconsideration under Rule 54(b) is "not subject to the strict standards applicable to motions for reconsideration of a final judgment"); *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (clarifying that the standard for reconsideration under Rule 54 "closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial" (internal quotation marks and citation omitted)).

While Defendant did not initially raise the issue of Plaintiff's lack of entitlement to a jury trial based on the allegedly equitable nature of its unjust enrichment claim, the Court nevertheless may reconsider its prior Order to the extent that it resulted in clear legal error by denying Defendant's prior Motion to Strike the jury demand as to this allegedly equitable claim.  Further, even if Rule 54(b) did not provide a basis for reconsideration, the Court could nevertheless consider Defendant's request as a renewed Motion to Strike. Accordingly, the Court finds Defendant's request is properly before it and turns to the merits of the Parties' arguments.

## B.  Right to Jury Trial on Unjust Enrichment Claim

The Parties dispute whether Plaintiff's claim for unjust enrichment is legal or equitable in nature, which goes directly to whether Plaintiff is entitled to a jury trial on this claim.  *See* ECF Nos. 62, 65, 67.  The Seventh Amendment preserves the right to a jury trial for actions that are legal in nature.  *See* U.S. Const. Amend. VII; *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564–65 (1990).  In federal court, "the characterization of [a] state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." *Simler v. Conner*, 372 U.S. 221, 222 (1963).  "To determine whether a particular action will resolve legal rights, [courts] examine both the nature of the issues involved and the remedy sought." *Chauffeurs*, 494 U.S. at 565.  Put another way, the court first "compare[s] the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity," and second, "examine[s] the remedy sought and determine[s] whether it is legal or equitable in nature," with the second inquiry being "more important in [the court's] analysis." *Id.* (citations omitted).  Thus, the right to a jury trial

5

under the Seventh Amendment depends primarily on the nature of the remedy sought. *Id.*

    1. <u>Nature of the Issues Involved</u>

Turning first to the nature of the issue involved and how it would compare to 18th-century actions in the court of England, the claim of unjust enrichment has roots both in actions at law and equity. *See Medtronic, Inc. v. Intermedics, Inc.*, 725 F.2d 440, 443 (7th Cir. 1984); *see also The Intellectual History of Unjust Enrichment*, 133 Harv. L. Rev. 2077, 2078–89 (2020). A cause of action for unjust enrichment has been recognized as a blend of multiple 18th-century actions allowing for recovery of restitution, including quantum meruit or quasi-contract, writ of assumpsit, and restitution in equity. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002) (distinguishing "restitution at law through an action derived from the common-law writ of assumpsit" from "restitution in equity, ordinarily in the form of a constructive trust or an equitable lien"); *Williams Carpet Contractors, Inc. v. Skelly*, 734 S.E.2d 177, 180 (S.C. Ct. App. 2012) (recognizing that "[t]he terms 'restitution' and 'unjust enrichment' are modern designations for the older doctrine of quasi-contracts," and that "[q]uantum meruit, quasi-contract, and implied by law contract are equivalent terms for an equitable remedy" (citing *QHG of Lake City, Inc. v. McCutcheon*, 600 S.E.2d 105, 108 (S.C. Ct. App. 2004); *Ellis v. Smith Grading & Paving, Inc.*, 366 S.E.2d 12, 14 (S.C. Ct. App. 1988))); *see also Heritage Disposal & Storage, L.L.C. v. VSE Corp.,* No. 1:15-CV-1484, 2017 WL 361547, at *8 (E.D. Va. Jan. 24, 2017) ("In Virginia, a claim for unjust enrichment may in substance be based on either a claim deemed 'legal,' such as a claim for payment of goods or services, or 'equitable,'

such as a claim for restitution; and the action of assumpsit developed as the form of action by which to recover on 'legal' claims based on unjust enrichment." (citations omitted)).

As 18th-century actions provide little clarity on whether Plaintiff's claim is legal or equitable in nature, the Court turns to the nature of Plaintiff's unjust enrichment claim as it has been pleaded and argued so far in this action. *See Chauffeurs*, 494 U.S. at 565–69 (considering both 18th-century case law and the nature of the action more generally). Although Plaintiff now argues this claim is legal in nature, it is apparent from Plaintiff's pleadings and prior arguments that this claim is an equitable means of recovering damages from Defendant if its legal claims fail. *See* ECF Nos. 1-1 at 46–76; 31 at 31–32; 65 at 6–7. Plaintiff's unjust enrichment claim is based on the same conduct as the breach of contract action, and if it is determined that there is viable contract between Plaintiff and Defendant, then Plaintiff's unjust enrichment claim would fail as a matter of law. *See* ECF No. 1-1 at 66–75; *Rega v. Scottie*, No. CV 1:19-0259-CMC, 2023 WL 11959879, at *12 (D.S.C. Oct. 6, 2023), *aff'd,* No. 23-7246, 2025 WL 800438 (4th Cir. Mar. 13, 2025) ("In this case, the jury found the existence of a contract and awarded damages for its breach. Plaintiff therefore is precluded from pursuing a claim for unjust enrichment."). Indeed, Plaintiff relied on the potential unavailability of a breach of contract claim and the need for equitable relief in the alternative if it could not pursue the legal claim of breach of contract in arguing that its unjust enrichment claim should not be dismissed on Defendant's 12(b)(6) Motion. *See* ECF No. 31 at 31–32. Thus, while 18th-century law is not dispositive on whether an unjust enrichment claim is legal or equitable in nature, based on Plaintiff's own arguments, it appears that the claim is likely equitable in nature.

Additionally, while the Court acknowledges that whether a suit is legal or equitable is determined by federal law, South Carolina law is still relevant in the Court's consideration of the nature of this claim because South Carolina law defines the nature of the action and the remedies to which Plaintiff is entitled. *See Simler*, 372 U.S. at 222. In considering federal court decisions applying South Carolina law, courts have repeatedly described an unjust enrichment claim when brought under South Carolina law as an equitable claim. *See, e.g.*, *Ashmore v. Owens*, No. 8:15-CV-02373-JMC, 2017 WL 2560016, at *3 (D.S.C. June 13, 2017) ("As unjust enrichment is an equitable claim, there is no right to a jury trial on that claim."); *Rega,* 2023 WL 11959879, at *11. Indeed, under South Carolina law, Plaintiff generally would be foreclosed from pursuing an unjust enrichment claim if there were another adequate legal remedy available, which further supports the conclusion that the nature of an unjust enrichment claim as brought in this action is equitable. *See, e.g.*, *Besley v. FCA US, LLC*, No. 1:15-CV-01511-JMC, 2016 WL 109887, at *3 (D.S.C. Jan. 8, 2016) ("In South Carolina, a party is generally precluded from pursuing a claim for either unjust enrichment or promissory estoppel where a valid contract governs the subject matter in dispute." (citations omitted)); *Rega,* 2023 WL 11959879, at *11 ("The doctrine of unjust enrichment applies when, as a matter of fact, there is no legal contract."); *Barrett v. Miller*, 321 S.E.2d 198 (S.C. Ct. App. 1984) (noting that unjust enrichment is an equitable doctrine and that "[w]here a plaintiff has an adequate remedy at law, equitable relief is not normally in order"). For these reasons, the Court finds that the first prong weighs in favor of finding that Plaintiff's claim is equitable.

2. <u>Nature of the Remedies</u>

Second, the Court turns to the nature of the remedies sought in conjunction with Plaintiff's unjust enrichment claim, which, as stated above, is the more important aspect of the Court's analysis on whether a jury trial is appropriate. *See Chauffeurs*, 494 U.S.at 565. Here, Plaintiff appears to have requested various remedies based on its unjust enrichment claim as Plaintiff does not directly tie any of the requested relief specifically to its unjust enrichment claim. *See* ECF No. 1-1 at 74–76. Rather, Plaintiff broadly requests damages, including actual, consequential, general, nominal, special, and punitive; prejudgment interest, costs, and attorney's fees; injunctive relief; and other further relief as the Court deems just and proper. *Id.* at 75–76.

The Parties' dispute is focused on whether monetary relief as it relates to the unjust enrichment claim in this action is a legal or equitable remedy. *See* ECF Nos. 62, 65, 67. Courts have recognized that such monetary relief can be either legal or equitable when its basis is an unjust enrichment claim. *See, e.g., Chauffeurs*, 494 U.S. at 570–71; *Rose v. PSA Airlines, Inc.*, 80 F.4th 488, 497, 498 (4th Cir. 2023) (recognizing that different forms of restitution available via an unjust enrichment claim could be considered either legal or equitable relief); *Great-West*, 534 U.S. at 212–18 (discussing when restitution constitutes a form of legal or equitable relief); *Rega,* 2023 WL 11959879, at *11 ("Unjust enrichment is an equitable doctrine, akin to restitution, that permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff." (citing *Ellis v. Smith Grading and Paving, Inc.*, 366 S.E.2d 12, 14 (S.C. Ct. App. 1988))). The line delineating between whether monetary damages are legal or equitable is not entirely clear, and the Fourth Circuit has recognized that "[u]ntangling the situations when

9

equitable relief was appropriate from those in which legal relief was available is difficult." *See Rose*, 80 F.4th at 497, 498 ("Money does not neatly divide, and never has neatly divided, law from equity.").  Plaintiff relies on *Rose* and *Great-West* to argue that because it seeks personal liability, and does not seek specific wrongly obtained funds in Defendant's possession, a constructive trust, or an equitable lien, the monetary relief it seeks from Defendant based on its unjust enrichment claim is not an equitable remedy. *See* ECF No. 65 at 6–7.  However, *Rose* and *Great-West* both addressed whether a plaintiff could recover money damages as "equitable relief" under ERISA*,* which provides by statute that a plaintiff could only get monetary relief if such relief was "*typically* available in equity."  *See Rose,* 80 F.4th at 500; *Great-West*, 534 U.S. at 213.  While the Court finds these cases to be instructive, *Rose* and *Great-West* do not definitively exclude the possibility that restitution in the form of money damages can be an equitable form of relief under these circumstances because ERISA's strict limitation of whether such relief was "typically available in equity" does not apply here.  Although money damages were not typically available in equity (except in the rare forms cited by Plaintiff from *Rose* and *Great-West*), this does not mean that the remedy is not equitable in nature in all circumstances.  *See, e.g.*, *Chauffeurs*, 494 U.S. at 570–71 (emphasizing that while an action for money damages was "the traditional form of relief offered in the courts of law," the Supreme Court has not held that "any award of monetary relief must *necessarily* be 'legal' relief"); *see also Holland v. Florida*, 560 U.S. 631, 650 (2010) ("[F]lexibility inherent in equitable procedure enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." (cleaned up)); *F.T.C. v. Com. Planet, Inc.*, 815 F.3d 593, 602 (9th Cir. 2016), *abrogated*

*on other grounds by AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n,* 593 U.S. 67 (2021) (declining to apply *Great-West*'s limited interpretation of restitution in the Seventh Amendment context and discussing how *Great-West*'s interpretation was based in part of the constraining limitation of what relief was available under ERISA by statute).

In its unjust enrichment claim, Plaintiff alleges that Defendant improperly gained profits "by using [Plaintiff's] [s]ervices to develop its own software, thus saving hundreds of thousands if not millions of dollars in development costs" and that it "would be un-just [sic] for [Defendant] to retain these benefits without paying their value." ECF No. 1-1 at 74–75. While Plaintiff broadly requests relief as to all of its claim, these specific allegations support the conclusion that the remedy sought by Plaintiff via its unjust enrichment claim is equitable as courts "have characterized damages as equitable where they are restitutionary, such as in 'action[s] for disgorgement of improper profits.'" *See Chauffeurs*, 494 U.S. at 570 (citations omitted). Further, as discussed above, Plaintiff's pleadings and prior arguments to this Court indicate that Plaintiff seeks to bring its unjust enrichment claim as an alternative equitable claim to recover if it is determined that Defendant has not breached the Parties' contract. Any obligation to pay restitution or monetary relief based on Plaintiff's unjust enrichment claim would only materialize if there were no valid legal remedy. The absence of a legal remedy as a prerequisite for recovery pursuant to Plaintiff's unjust enrichment claim further supports the conclusion that this relief is equitable in nature rather than legal.

Moreover, the fact that Plaintiff seeks equitable remedies—including injunctive relief and disgorgement—in conjunction with monetary damages based on its unjust enrichment claim further supports the conclusion that the unjust enrichment claim is

11

equitable rather than legal even in light of the request for monetary damages.  *See, e.g.*, *Chauffeurs*, 494 U.S. at 571 ("[A] monetary award 'incidental to or intertwined with injunctive relief' may be equitable"); *Verenes v. Alvanos*, 690 S.E.2d 771, 773 (S.C. 2010) ("Restitution and disgorgement are equitable remedies." (citing *Great–West,* 534 U.S. at 215–16; *Key Corporate Capital, Inc. v. County of Beaufort,* 644 S.E.2d 675, 679 (S.C. 2007); *Wallace v. Milliken & Co.,* 406 S.E.2d 358, 359 (S.C. 1991))).  Plaintiff's unjust enrichment claim, to the extent that it seeks these equitable remedies, is equitable and thus not entitled to a jury trial under the Seventh Amendment.  While Plaintiff now argues that its unjust enrichment claim is a legal claim, it does not appear that Plaintiff has abandoned these purely equitable remedies and now seeks to pursue only legal remedies in the form of monetary restitution from Defendant.  *See* ECF No. 67 at 6–7.

Accordingly, the Court finds that Plaintiff's unjust enrichment claim is an equitable claim, and there is no right to a jury trial on that claim.  Therefore, Plaintiff's request for a jury trial on its unjust enrichment claim is struck, and Defendant's Motion is granted.

### III.  CONCLUSION

For the foregoing reasons, Defendant's [62] Motion for Reconsideration or alternatively Renewed Motion to Strike Jury Demand is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 31, 2026
Spartanburg, South Carolina

12